UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENEE F. CRUTCHFIELD,

        Plaintiff,

vs.                                           Case No. 6:12-cv-1656-Orl-37GJK

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant, State Farm Mutual Automobile Insurance Company's Notice of Removal of Civil Action (Doc. 1), filed November 5, 2012;

2. Plaintiff's Complaint (Doc. 2), filed November 5, 2012;

3. Plaintiff's Motion for Remand and Memorandum of Law (Doc. 8), filed December 3, 2012; and

4. Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. 13), filed December 17, 2012.

Upon consideration, the Court hereby denies Plaintiff's motion.

## BACKGROUND

Plaintiff has an uninsured motorist policy with Defendant. (Doc. 2, ¶ 6.) Plaintiff alleges that she was injured in a car accident. (*Id.* ¶ 5.) Plaintiff avers that Defendant has "refused to arbitrate the uninsured motorist claim," and Plaintiff subsequently filed this suit in state court. (*Id.* ¶ 8.) Plaintiff's Complaint seeks in excess of $15,000. (*Id.* ¶ 1.)

Defendant removed the case to this court in November 2012, pursuant to diversity jurisdiction. (Doc. 1, ¶ 2.) Defendant alleged that the policy limits of its contract with Plaintiff total $500,000. (*Id.* ¶ 8.) Additionally, Plaintiff sent Defendant a Civil Remedies Notice alleging that Defendant failed to make a satisfactory settlement offer or tender her the policy limits. (*Id.* ¶ 8.) Plaintiff also sent Defendant a demand letter, which detailed Plaintiff's treatments, laid out her past and future medical bills in the amount of $236,356.44, and ultimately demanded the $500,000 policy limit. (Doc. 1-3, pp. 16–17.)

Plaintiff moved to remand the case to state court. (Doc. 8.) Defendant opposed. (Doc. 13.) This matter is now ripe for the Court's adjudication.

## STANDARDS

Removal jurisdiction exists where the court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The Court may look to the complaint, notice of removal, and any other relevant papers revealing that the amount in controversy is satisfied. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("The substantive jurisdictional requirements do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard."). Settlement offers, demand letters, and even emails estimating damages have been held to qualify as "other relevant papers." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007). Demand letters or

settlement offers, by themselves, "may not be determinative, [but they] count[] for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). "The question is whether this specific settlement demand, given all the evidence presented, established by a preponderance of that evidence that the amount in controversy exceeds $75,000." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (finding that a demand letter making a flat claim for $155,000 with no information about how the damages were assessed was not enough standing alone to establish the amount in controversy, but noting that such demands "that provide specific information . . . to support [the plaintiff's] claim for damages suggest the plaintiff is offering a reasonable assessment of the value of [his] claim and are entitled to more weight" (citation and internal quotation marks omitted) (alterations in original)). "More weight should be given to a settlement demand if it is an honest assessment of damages." *Cross v. Wal-Mart Stores*, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (citations and internal quotation marks omitted).

## DISCUSSION

Plaintiff argues that the combination of her demand letter, the policy limits, and the Civil Remedy Notice is insufficient to establish the requisite amount in controversy. (Doc. 8, p. 3.) In support of this argument, Plaintiff points to this Court's previous order in *Ennis v. State Farm Mutual Automobile Insurance Co.*, No. 3:11-cv-637 (M.D. Fla. Aug. 10, 2011), Doc. 14. In that case, this Court found that a demand letter, the policy limit, and Civil Remedy Notices, taken as a whole, did not adequately establish the necessary amount. *Id.* at 8. However, *Ennis* is distinguishable on the basis of the level of detail present in the demand letter.

In *Ennis*, the demand letter merely referred to the plaintiff's "15% permanent

3

impairment" and made a flat demand for the policy limit. *Id.* at 4. It did not detail the plaintiff's injuries or the scope of her future treatment. *Id.* at 5. In the instant case, however, Plaintiff's demand letter is a more detailed accounting of her injuries, medical treatments, prognosis, and future expenses. (Doc. 1-3, pp. 16–17.) While Plaintiff does demand the $500,000 policy limit, she also details, to the penny, her medical expenses to date based on invoices and her anticipated future medical expenses, which well exceed the necessary amount. (*Id.* at 17.) Thus, the Court finds that this demand letter, due to its particularity, is more of an honest assessment of damages rather than mere puffery and posturing. *See Cross*, 2011 WL 976414, at *2.

Taking into account the claims in Plaintiff's Complaint, Defendant's Notice of Removal and attached exhibits, and Plaintiff's detailed account of her current and future medical expenses, the Court finds that Defendant has demonstrated by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000. Thus, Plaintiff's motion to remand this case to state court is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand and Memorandum of Law (Doc. 8) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 19, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record